King, J.
This was an application to the probate court of Lucas county by Gustave Muhme, as guardian, for an allowance to a certain child of one Otto Banse, to be made to it under sections 6040 and 6041, Revised Statutes, which provides for the allowance to the widow and children under fifteen years of provisions and other property or money sufficient for their support for one year. The probate court allowed the sum of $150 to this child, who was about twelve or thirteen years of age. The case was appealed to the common pleas court,and heard there. It is now here on error to the judgment of the court of common pleas.
It seems that the decedent, Otto Banse, was a native of Germany, who came to this country a dozen years age, leaving behind him a wife and child. Some four or five years after he came to this country he procured a divorce from his wife in this county, on the ground of willful absence, and thereafter married, and by the second wife had two children. He died, leaving a widow and these two children. An allowance was made to the widow and two children in this country, without any knowledge that there was another child anywhere, under the age of fifteen. But finally information was received of that, and the child through its attorneys put in a claim against the estate for its distributive share of the estate, and such proceedings were had that its paternity and rights were established. The land of the estate was sold, and this child’s distributive share was estimated in money, and paid to it — about $1,000. After receiving that sum of money the child made this claim in the probate court through its counsel, for a year’s support, and it was allowed, and that allowance, on appeal to the court of common pleas, was there affirmed.
It is claimed that the child ought not to have received that, because she was never a resident of Ohio, and does not reside here now; and, for that matter, does not reside *503 in this country. It was also claimed in argument that this allowance for a year’s support was included in the distributive share of the estate paid to her, and that was a bat to this action. As there is no similarity in the two proceedings, we do not think that the receipt of the share of the estate would be a bar to her claim for a year’s support. Neither do we see any ground for the argument that because she is foreign born, and lives in a foreign land, the situation is different from what it would be if she lived here.
This allowance for a year’s Support, we think, is not made for any'purpose except as a continuation for a period of time of the obligation that existed at the time of the death of the parent. That obligation is one that is established by natural law, as well as the law of every civilized land, that the father must support his children. It is not alone known in Ohio, but in every other land. This obligation often finds itself in an express statute, and sometimes not; but whether it does or not, it is the law; the father must support his children. In Ohio the legislature have recently said (in 1887), that the husband must support himself, his wife, and his minor children, out of his property or by his labor. In 45 Ohio St., the Supreme Court held, in Pretzinger v. Pretzinger, page 452, that a father was bound to pay for the support of his child, even though a divorce had been granted to the wife, and the wife had been given the custody of the child, and she has been allowed alimony in a gross sum. No specific allowance kaving been made for the support of the minor children, still he was bound to support them, and the divorced wife can maintain a suit in her own right directly for all that had been expended for the necessary stipport of said minor children. And in the opinion the court say:
“The duty of the father to provide reasonably for the *504 maintenance of his minor children, if he be of ability, is a principle of natural íaw. And he is under obligation to support them, not only by the laws of nature, but'by the laws of the land. As said by Chancellor Kent: ‘The wants and weaknesses of children render it necessary that some person maintain them, and the voice of nature has pointed out the parent as the most fit and proper person.’ This natural duty is not to be evaded by the husband’s so conducting himself, as to render it necessary to dissolve the bonds of matrimony, and give to the mother the custody and care of the infant offspring. It is not the policy of the law to deprive children of their rights on account of the dissentions of their parents, to which they are not partiesv”
L. H. Wilkinson, for Plaintiff in Error.
Samuel Kohn, for Defendant in Error.
That is only a recognition of a well established principle of law, that the parent must support the child, and that duty primarily devolves upon the father. As a continuation of their relationship, the legislature has provided that for one year next ensuing after the death of the father there shall be allowed a sum sufficient for the support of the widow and such children as there may be under the age of fifteen. This child is under the age of fifteen. No matter if circumstances have thrown her life in another country, still the relationship existed, and the obligation upon the father while he lived to support that child was just as binding and obligatory as it would have been if she had been under his own roof. We think this statute is broad enough to authorize an allowance from his estate of a sum sufficient for her support for one year. The allowance in this case could not have been unreasonable, since the judgment was for only $150. So we think the judgment of the lower court is .correct, and it is affirmed.